## LAYTON C. PUCKETT ET AL. V. J. B. McDANIEL ET AL.

### No. 1039.

1. **Limitation Against Co-owners—Notice.**—When it appears that the tenant is in actual possession, asserting an exclusive right to the property under a deed or deeds conveying to him by specific description the property in controversy, and his cotenants know of the existence of such deeds, and there exist circumstances which show that the one so holding is claiming by virtue of such deeds, his possession will be considered in keeping with the title under which he claims, and will be regarded as adverse to the title of his cotenants. Registration of the deeds is notice.

2. **Same—Case Adhered to.**—Converse v. Ringer, 6 Texas Civil Appeals, 58, adhered to, that title shown by facts sustaining limitation is not defeated by parol declarations affecting the character of possession.

3. **Partition—Parties.**—It appearing that parties owning parts of the tract of land were not before the court, partition was properly refused. All persons interested in the land must be before the court in order to render a judgment for partition.

ERROR from McLennan. Tried below before Hon. L. W. GOODRICH.

*Scarborough & Rogers,* for plaintiffs in error.—1. Where plaintiffs claim as tenants in common, a plea of limitation by defendants can not be sustained unless their entry into possession was under claim of right inconsistent with the rights of the true owner, and the occupancy has been visible, distinct, notorious, and hostile to such rights, so as to oust the cotenant. Beall v. Evans, 20 S. W. Rep., 946; M'hoon v. Cain, 77 Texas, 316; 44 Texas, 373; 63 Texas, 186, 213; Norton v. Collins, 20 S. W. Rep., 1113.

2. Limitation will not run in favor of one holding land charged with a trust, or of a tenant in common, until an unequivocal act of repudiation of the trust or notorious ouster is shown. Payment of taxes on the whole estate, nor the assertion of claim to the whole estate, will

have this effect. Morton v. Collins, 1 Texas Civ. App., 272; Phillips v. Flynn, 83 Texas, 580; Gholson v. Fuller, 2 Texas Civ. App., 400; Teal v. Terrell, 58 Texas, 257; Cook v. Railway, 3 Texas Civ. App., 125; 13 Am. and Eng. Encyc. of Law, 685–687, note 4; Id., 788, note 4; 25 Texas, 728.

*Jones, Kendall & Sleeper,* for defendants in error.—1. Where plaintiffs claim as tenants in common, a plea of limitation by defendant can be sustained if defendant's entry into possession of the land was under claim of right inconsistent with the rights of the real owner, and the occupancy of defendant has been visible, distinct, and hostile to such rights so as to oust the plaintiff claiming as cotenant. If the defendant enters upon the land not recognizing any right of the plaintiff therein, but claiming it absolutely and entirely as his own property, such entry constitutes an ouster, and the possession thereunder is adverse and hostile, and puts the statute in motion against the plaintiff claiming as cotenant. Mayes v. Manning, 73 Texas, 46; Rev. Stats., art. 3198; Beall v. Evans, 20 S. W. Rep., 946; Bracken v. Jones, 63 Texas, 187; Brownson v. Scanlan, 59 Texas, 225; Church v. Waggoner, 78 Texas, 203; Bruce v. Washington, 80 Texas, 371.

2. A party may be the owner of an interest in land, and may in an action obtain an adjudication in his favor declaring that he is the owner of the title to an undivided interest therein, but unless all the parties who own portions of such land are parties to the suit, he is not entitled to decree of partition of the land in that suit. Ship Channel Co. v. Bruly, 45 Texas, 8; De la Vega v. League, 64 Texas, 212; Story Eq. Plead., secs. 72, 76a, 236, 236a.

FISHER, CHIEF JUSTICE.—Layton C. Puckett and Belle Hamilton, joined by her husband, sued the defendants in error in trespass to try title and for partition of 116 acres of land, plaintiffs in error claiming an undivided one-eighth interest in the land as heirs of their deceased father, Layton F. Puckett.

Defendant McDaniel filed disclaimer, and judgment was entered for plaintiffs. As against him defendant Bryce filed: (1) demurrer; (2) denial and plea of not guilty; (3) limitation of five years; (4) set out part claimed by McDaniel by metes and bounds, and the part claimed by himself by metes and bounds, and alleged partition between them, setting out the fact that his vendor owned an undivided one-fourth interest, and that McDaniel had acquired the one-fourth belonging to plaintiffs' father, and that in the division McDaniel claimed to own three-fourths interest; and Bryce prays in event of recovery by plaintiffs, that they be required to carve their recovery out of the portion allotted to McDaniel in the partition between him and Gurley, Bryce's vendor.

Plaintiffs replied to the plea of limitation by allegation of coverture of Belle Hamilton and minority of L. C. Puckett.

On trial, plaintiffs established their title to an undivided one-eighth of the land, and plaintiff L. C. Puckett recovered; but the court held that Belle Hamilton was barred by limitation of five years, and refused to grant partition to L. C. Puckett, on the ground that the proof showed some vendees of McDaniel to be in possession of parts of his tract, that were not parties to the suit.

*Findings of Fact.*—We find the following as the facts in the case, and is all of the evidence in the record:

Plaintiffs introduced deed from W. B. Loftin to Layton F. Puckett and E. J. Gurley to the land in controversy, of date of 12th day of January, 1863, conveying to each an undivided one-fourth interest.

Testimony of Mrs. J. A. Boggess: That she is the mother of plaintiffs, Layton C. Puckett and Belle Hamilton; that they are the children of Layton F. Puckett, deceased, her former husband, and the only children of said Puckett; that Layton F. Puckett died in 1867; that plaintiff L. C. Puckett was born April 11, 1866; that Belle, now Mrs. Hamilton, was born in 1864, and married March 16, 1881; that she was married to her present husband, M. M. Boggess, in the year 1872.

Plaintiffs traced defendants' title to common source.

Defendants offered in evidence a deed from defendant J. B. McDaniel to E. E. McDaniel for the 98 40–100 acres, executed and duly recorded before the institution of this suit.

Defendants also read in evidence deed from E. E. McDaniel to —— Jones for part of the 116 26–100 acres, which was executed and duly recorded before the institution of this suit.

Defendants offered deed of trust, of date 30th day of April, 1877, signed by B. P. Loftin, M. M. Boggess and wife, J. A. Boggess, to the land in controversy, to J. E. Bonner, trustee. Also trustee Bonner's deed to the same, of date 20th day of June, 1878, to J. B. McDaniel. Also partition deed between J. B. McDaniel and E. J. Gurley to the land in controversy, dated 23rd December, 1879, and recorded 12th day of January, 1880, by terms of which deed E. J. Gurley took the 17 86–100 acres described by metes and bounds in the pleadings of defendant Bryce and claimed by him, and J. B. McDaniel took 98 40-100 acres described by metes and bounds in the pleadings as his.

Defendant Bryce offered proper legal conveyances from E. J. Gurley to J. H. Sears, of date 29th December, 1879, and duly recorded 7th January, 1880, and deed from J. H. Sears to G. R. Bryce, of date 7th February, 1881, duly recorded 8th February, 1881, each deed describing by metes and bounds the 17 86-100 acres deeded to Gurley.

E. J. Gurley testified, that the tract of 114 acres in controversy had been continually occupied since 1878; that there was at time of partition between himself and McDaniel about 10 or 12 acres under fence and in cultivation; that in the partition he got the land in cultivation; that the survey was made on the ground; marked off his portion as described in his deed; that when he sold to J. H. Sears he (Sears) took

immediate possession, and proof showed continued possession since by tenant, though he lived on the 17 acres, and payment of taxes from that time to the filing of the suit.

E. J. Gurley testified, that at time of partition between himself and McDaniel they both thought that McDaniel had acquired all title of Puckett, and that no one but themselves was interested; that there was no disposition on his part or McDaniel's to deprive the Puckett heirs of any interest by the partition, as he and McDaniel thought that they had no interest then; that the open land on the place had been increased from time to time; that there was no fence around the 17 acres dividing it from the other until about a year or two prior to this suit; that all of the 114 acres has not yet been fenced.

The defendant G. R. Bryce testified, that upon the execution to him of the deed for the 17 35-100 acres (or 17 86-100 acres) by J. H. Sears, on February 7, 1881, he immediately took possession of the tract and cultivated it that year; that it was described by metes and bounds, with stakes set up at each of the corners; that he occupied his 17 acres tract conveyed by Sears to the lines and corners so fixed, and that he has continued to occupy and cultivate it from that time—February 7, 1881—to the trial of the cause; that part of the time he cultivated the land himself, and part of the time it was cultivated by his tenants, to whom he rented; that he paid the taxes on said 17 acres tract regularly every year since he bought it. Bryce further testified, that there were two or more other persons who were purchasers of parts of the said 116 acres tract, and that they were in possession of the tracts claimed by them respectively at the time the suit was brought and at the time of the trial; one of the persons is —— Jones, a negro; witness did not remember the names of the other purchasers in possession; they are negroes.

*Opinion.*—The questions for our decision are presented in the following assignments:

1. The court erred in rendering judgment against Belle Hamilton for the interest claimed by her in the land sued for and decreeing the same to defendant G. R. Bryce, said holding based on the idea that she was barred by the statute of limitation.

2. The court erred in refusing to partition the land recovered by plaintiff L. C. Puckett between himself and defendant G. R. Bryce, as prayed by plaintiff Puckett.

It is shown by the facts in the record that the defendants are in actual possession of the land in controversy, and have been in such possession for a sufficient length of time to bar the plaintiff in error Belle Hamilton, provided the evidence shows facts amounting to an ouster. The possession by a tenant in common, unless the facts clearly show a possession adverse and hostile to the title of his co-owners under such circumstances as to charge them with notice that his holding is adverse (63 Texas, 212; 83 Texas, 583; 2 Texas Civil Appeals, 400; 20 South-

western Reporter, 1113), will not serve as a basis upon which to rest the defense of limitation. But, upon the contrary, when it does appear that the tenant is in actual possession, asserting an exclusive right to the property under a deed or deeds conveying to him by specific description the property in controversy, and his cotenants in common know of the existence of such deeds, and there exist circumstances that show that the one so holding is claiming by virtue of such deeds, his possession will be considered in keeping with the title under which he claims, and will be regarded as adverse to the title of his cotenants. Under such circumstances, it may be held that the character of entry may be inferred from the conveyance under which it is made. Freem. on Coten. and Part., 2 ed., secs. 221–244; 11 Am. and Eng. Encyc. of Law, 1112–1122; Cryer v. Andrews, 11 Texas, 181; Mayes v. Manning, 73 Texas, 46; Church v. Waggoner, 78 Texas, 203. The registration of the deeds under which the defendant claimed was notice to his cotenants of their existence. 78 Texas, 203. The facts in the record warrant the conclusion that this case falls within the principles just stated, and therefore the court below did not err in holding that ouster was shown.

Some stress is laid upon the fact that some of the witnesses, upon whose evidence ouster is based, testified, that at the time of the execution of the partition deed between Gurley and McDaniel there was no disposition to deprive the plaintiffs in error of any interest in the land, as it was thought at the time that they had no interest. The contention is, that this evidence shows that there was no intention to hold possession adverse to the plaintiffs in error.

We do not agree with this construction of the evidence, but admitting that it has that tendency, it would necessarily negative the existence of adverse possession when the character of possession and the manner and right by which it was asserted show that such holding was adverse. This precise question in accord with our holding was passed upon by this court in Converse v. Ringer, 6 Texas Civil Appeals, 57, 58.

There was no error under the facts in the court refusing to decree partition as to the interest of Layton C. Puckett. The evidence without contradiction shows that others, not parties to this suit, are in possession of a part of the land, claiming title thereto. All parties interested in the land should be before the court in order to render a judgment for partition. La Vega v. League, 64 Texas, 212. There are exceptions to this rule, but this case does not come within any.

The judgment is affirmed.

*Affirmed.*

Delivered November 28, 1894.