(December 20, 1907.)

## HETTIE E. AMES, Appellant, v. STEPHEN B. HOWES, Respondent.

[93 Pac. 35.]

COMPLAINT—DEMURRER—CAUSE OF ACTION—STATUTE OF LIMITATIONS—TRUSTS—EXPRESS AND IMPLIED—AMENDMENT OF COMPLAINT—TENANTS IN COMMON—OUSTER—ADVERSE POSSESSION—REAL ESTATE—DEED—NOTICE OF.

1. *Held,* that the demurrer to the complaint was properly sustained.

2. The trust alleged in the complaint is an implied trust, or one arising from an implication of law, and was not an express trust created by the direct and positive acts of the parties.

3. Express trusts are not within the operation of the statute of limitations, but trusts which arise from an implication of law or constructive trusts are within the operation of the statute of limitations. (Revised Statutes, sec. 4036.)

4. Where one cotenant takes a deed conveying to him a part of the real estate owned by said cotenants and records said deed in the proper office, such recordation is notice of the cotenant's claim to such real estate.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Bonner County. Hon. W. W. Woods, Judge.

Action to recover an interest in certain mining claims. Demurrer to complaint sustained and judgment of dismissal entered. *Affirmed.*

R. E. McFarland, for Appellant.

Before a tenant in common can rely on an ouster of his cotenants, he must claim the entire title to the land to himself and must hold an exclusive and adverse possession against every other person. (*Schoonover v. Tyner et al.*, 72 Kan. 475, 84 Pac. 124; *Clark v. Beard*, 59 W. Va. 669, 53 S. E. 597; *Chapman v. Kullman*, 191 Mo. 237, 89 S. W. 924.)

The complaint shows that Ames held an undivided one-fourth interest, which was never held or claimed by Howes, and it does not show that Howes ever ousted Ames or held the entire property adverse to him, and the presumption is, in the absence of evidence to the contrary, that if Howes and not Ames remained in possession, he held possession for his cotenant as well as for himself, in which case the statute of limitations cannot be successfully pleaded in bar. (*Hume et al. v. Long et al.*, 53 Iowa, 299, 5 N. W. 193.)

Under the facts of this case the said Howes became trustee of an express trust, and the statute of limitations did not begin to run till the second day of May, 1906, when the appellant made demand upon him to convey the one-fourth interest to her and he refused so to do and laid claim to the property. (Wood on Limitations of Actions, 3d ed., sec. 200; *McClure v. Colyear*, 80 Cal. 378, 22 Pac. 175; *Roach v. Caraffa et al.*, 77 Cal. 330, 19 Pac. 25; *Broder et al. v. Conklin et al.*, 77 Cal. 330, 19 Pac. 513; *Luco v. DeToro*, 91 Cal. 405, 27 Pac. 1082; *Hovey v. Bradbury*, 112 Cal. 620, 44 Pac. 1077.)

Charles L. Heitman, for Respondent.

"The possession of one tenant asserting an exclusive right to the land under a deed conveying the land to him by specific description is adverse to his cotenant having notice of the deed. The registration of a deed under which a tenant in common claims exclusive right to the land is notice thereof to his cotenant." (*Puckett v. McDaniel*, 8 Tex. Civ. App. 636, 28 S. W. 360, and cases and authorities cited; *Winterburn v. Chambers*, 91 Cal. 171, 27 Pac. 658; *Burgett v. Taliaferro*, 118 Ill. 503, 9 N. E. 334; *Greenhill v. Biggs*, 85 Ky. 155, 7 Am.

St. Rep. 579, 2 S. W. 774; *Mayes v. Manning,* 73 Tex. 43, 11 S. W. 137; *Church v. Waggoner,* 78 Tex. 200, 14 S. W. 581.)

The statute of limitations applies between tenants in common where one holds under mere color of title. (*Aldrich v. Griffith,* 66 Vt. 390, 29 Atl. 376.)

"Express trusts are created by contracts and agreements which directly and expressly point out the persons, property, and purposes of the trust. Implied trusts are those which the law implies from the language of the contract and the evident intent and purpose of the parties." (*Wilson v. Welles,* 79 Minn. 53, 81 N. W. 549; Perry on Trusts, secs. 24, 25; 15 Am. & Eng. Ency. of Law, 2d ed., 1123; 8 Words and Phrases, p. 7121.)

There is not the slightest intimation in either of the complaints that there was any agreement between respondent and Ames that respondent should hold the one-fourth undivided interest in said properties, in controversy herein, in trust for Ames.

The complaint showed that the cause of action was barred by the statute of limitations, and that being the case, the point was properly raised by demurrer. (*Chemung Min. Co. v. Hanley,* 9 Idaho, 786, 77 Pac. 226.)

SULLIVAN, J.—This action was commenced by the appellant to recover the title to certain mining claims. The action was brought in Kootenai county prior to the creation of Bonner county out of a portion of Kootenai, and this action was transferred to Bonner county. It appears from the allegations of the amended complaint that the husband of the appellant and the respondent became joint and equal owners of certain mining claims, they having discovered and located the same in 1897; that on the fourth day of September, 1899, while they were joint and equal owners of said mining claims, a corporation known as the Grand Copper Mining Company was organized under the laws of the state of Washington, and it is alleged that by fraud and deceit, and through fraudulent promises and representations, and without any consideration

therefor, it induced said Ames and Howes to transfer by deed a three-fourths interest in and to said mining claims to said corporation; that thereafter, on the third day of April, 1900, the said Ames and Howes commenced an action in the district court of the first judicial district in and for Kootenai county against said corporation to recover the title to said properties and to require said corporation to reconvey to them the mining interests so conveyed as aforesaid; that thereafter on the twenty-seventh day of April, 1900, a judgment and decree was entered in favor of respondents, requiring the said corporation to reconvey to them said interests in said mining claims; that thereafter, on the twelfth day of June, 1900, the said corporation, pretending to comply with the requirements of said judgment, executed and delivered to said Howes a quitclaim deed conveying to him an undivided three-fourths interest in and to all of said mining claims, which deed was on the twentieth day of June, 1900, filed for record in the recorder's office of said county; and that said corporation executed and delivered to said Ames a quitclaim deed conveying to him an undivided one-fourth interest in and to said mining claims, which quitclaim deed was on the twentieth day of June, 1900, duly recorded in the office of the county recorder of said county; that at all of said times said Ames owned and was entitled to an undivided one-half interest in and to said mining properties, and the said Howes was entitled to and owned only an undivided one-half interest in and to said mining claims; that by the deed of conveyance conveying to said corporation the said mining claims the said Howes pretended to convey to said corporation a three-fourths interest therein, but that he only owned an undivided one-half interest in said mining properties, and has never at any time owned any greater interest than one-half thereof; that at the time said deeds were executed by Ames and Howes to said corporation, there remained to the said Ames an undivided and undisposed of one-fourth interest in and to all of said properties, and that said quitclaim deed from the said corporation to the said Howes, which pretended and purported to convey to said Howes a three-fourths interest in said min-

ing claims, in fact and in truth conveyed to said Howes only an undivided one-half interest, and that if it should be held by the court that said deed from said corporation conveyed to said Howes a three-fourths interest in said claims, then one-third of said interest so conveyed belonged to, and should have been conveyed to, the said Ames, and that the said Howes has held that interest in trust for Ames.

It is further alleged that on August 13, 1904, the said Ames died intestate, leaving no heirs except his said wife, Hettie E. Ames, the appellant, and that he left no estate except his said interest in said mining claims, and that he at the time of his death left no unpaid debts. It is further alleged that said deed of said corporation conveying a three-fourths interest in said claims to Howes creates a cloud upon the title of the plaintiff as heir at law of said Ames, deceased, in and to the said undivided one-fourth interest in said mining claims.

It is further alleged that on the second day of May, 1906, at Kootenai county, plaintiff made written demand upon defendant to convey to her as sole surviving heir at law of said Ames, deceased, the said one-fourth interest in and to said mining properties, but that said defendant for the first time then and there laid claim thereto and refused and still refuses to convey to her said one-fourth interest. The prayer is that plaintiff be decreed to be entitled to an undivided one-fourth interest in and to said mining claims, and that Howes be compelled to convey to her by good and sufficient deed, said interest, and that said Howes held said one-fourth interest as trustee for Ames, and now holds the same in trust for the plaintiff, and that said deed from the mining company be so reformed as to convey to said Howes only one-half interest in said claims, and that the cloud created by said deed to said one-fourth interest be removed and that the title to the same be quieted.

It will be observed that the complaint is drawn upon and proceeds upon the theory that Howes holds the title to said one-fourth interest in trust for plaintiff, and that he be compelled to convey said interest to the plaintiff.

To the amended complaint was filed a demurrer based upon two grounds. The first was that said amended complaint does not state facts sufficient to constitute a cause of action, and second, that the alleged cause of action is barred by the provisions of section 4036 of the Revised Statutes of Idaho.

We will state here that after the original complaint was filed, a demurrer was interposed thereto on the grounds above stated, and was sustained by the court, and the plaintiff given time in which to file an amended complaint. An amended complaint was filed which was a copy of the original complaint, except that to the twelfth allegation of the complaint was added the following words, to wit: "For the first time then and there laid claim to the same, and." The demurrer to the amended complaint was based on the same grounds as the demurrer to the complaint. Before the demurrer to the amended complaint was decided by the court, counsel for respondent filed a motion to strike the amended complaint from the files on the ground (1) that it is identical in language with and the exact duplicate of the original complaint; (2) that on the fourth day of January, 1907, the court sustained defendant's demurrer to the original complaint on the ground that the action was barred by the statute of limitations, to which ruling of the court counsel for the plaintiff excepted and was allowed thirty days from the fourth day of January, 1907, in which to prepare, file and serve an amended complaint; that plaintiff did on the fourteenth day of January, file said amended complaint; that the order so made on the fourth day of January sustaining the demurrer has never been appealed from and is in full force and effect. Said motion was sustained by the court and the action was dismissed and judgment of dismissal entered. The appeal is from that judgment.

It is first contended by counsel for appellant that the demurrer to the complaint should have been overruled, for the reason the complaint shows that at the time the defendant and the deceased, Ames, conveyed the properties to said mining company, Ames held and owned an undivided one-half interest therein; that Ames and Howes joined in an action for the

cancellation of the conveyance made by them to the mining company; and that on obtaining a decree canceling said conveyance, the mining company conveyed to the respondent Howes a three-fourths interest in said mining claims, and to said Ames a one-fourth interest. The facts there stated are correct, but it further appears from said complaint that Howes had conveyed to said mining company a three-fourths interest in said mining claims, and that Ames had conveyed to it only a one-fourth interest therein. There is no allegation in the complaint showing why that was done in that way, or showing whether it was done through mistake or not. Ames must have known that he only conveyed a one-fourth interest in and to said mining claims, and under the decree of the court, the mining company reconveyed to him said one-fourth interest.

It is also alleged in said complaint that the mining company, under said decree and judgment, pretended and purported to convey to said Howes a three-fourths interest in said mining claims, when in fact and in truth it conveyed to him only an undivided one-half interest. The whole pleading, as we understand it, purports to allege that the mining company, disregarding said decree, conveyed a greater interest in said mining claims to said Howes than he was entitled to, and alleges that said Howes holds the same in trust for Ames.

The demurrer to the complaint was sustained upon the ground that it appeared upon the face of the complaint that the cause of action therein mentioned was barred by the statute of limitations. We think that the demurrer was properly sustained, for the reason that if there was any trust alleged in the complaint, it was a trust arising from an implication of law, an implied trust. It was not an express trust, as it is not alleged that it was created by contract, but arises from the fact that the mining company had conveyed a greater interest in said claims to Howes than he was entitled to, although it reconveyed to him just the same interest that he had conveyed to it. Express trusts are those which are created by the direct and positive acts of the parties by

writing, deed or will. (3 Words and Phrases, p. 2611, and authorities there cited; Perry on Trusts, sec. 2425.) It is stated in Wood on Limitations of Actions, section 200, as follows: "It is well settled that a subsisting, recognized and acknowledged trust, as between the trustee and *cestui que trust,* is not within the operation of the statute of limitations. . . . . And trusts which arise from an implication of law, or constructive trusts, are not within the rule, but are subject to the operation of the statute, unless there has been a fraudulent concealment of the cause of action, and the statute is as complete a bar in equity as at law."

No fraud is alleged in the complaint against Howes, and no express agreement is alleged. We think the court correctly sustained the demurrer.

The appellant amended her complaint simply by inserting in paragraph 12 thereof the following words: "For the first time then and there laid claim to the same, and." In order that that amendment may be fully understood, we will here insert a copy of paragraph 12 as found in the original complaint, and following that, a copy of paragraph 12 as found in the amended complaint.

Paragraph 12 of the original complaint: "That on the 2d day of May, 1906, plaintiff made written demand upon the said defendant to convey to her, as sole surviving heir-at-law of the said George Ames, the said demanded one-fourth interest in and to said mining properties, but that the said defendant refused and still refuses to do so."

Paragraph 12 of the amended complaint: "That on the 2d day of May, 1906, at Kootenai county, Idaho, plaintiff made written demand upon the said defendant to convey to her, as sole surviving heir-at-law of the said George Ames, the said demanded one-fourth interest in and to said mining properties, but that the said defendant for the first time then and there laid claim to the same and refused and still refuses so to do."

It will be observed that in paragraph 12 of the original complaint appellant alleged that she demanded of respondent the said one-fourth interest in said mining properties, but that

said respondent refused and still refuses to convey the same to her. In the amended complaint, the allegation, in addition to the ones in the original complaint, is that the appellant on that date, May 2, 1906, "for the first time then and there laid claim to said one-fourth interest." The question then arises under the demurrer and motion to strike the second complaint, whether the amendment is such that the amended complaint on its face shows that this action is barred by the statute of limitations. No fraud is alleged on the part of the mining company or of Howes in the execution of a deed reconveying said mining claims to Howes. It appears from the allegations of the complaint that the mining company conveyed a one-fourth interest in and to said mining claims to Ames, now deceased, on the twelfth day of June, 1900, and on the same date conveyed a three-fourths interest in and to said claims to the said Howes, and that they both filed their deeds for record in Kootenai county on the twentieth day of June, 1900. It appears that Ames died in 1904, about four years after said reconveyances were executed. There were no allegations contained in the complaint as to the relations of said Ames and Howes during that period of time, in regard to the possession of said mining claims. It does not appear whether they were working the mining claims or not, but it does appear that on the second day of May, 1906, about six years after the mining company had reconveyed said mining claims to Ames and Howes, and about two years after Ames' death, that a demand was made on Howes for a conveyance of one-fourth of said mining claims to the appellant, and it is alleged that for the first time, on the second day of May, 1906, Howes claimed to be the owner of said one-fourth interest. Perhaps the inference to be drawn from that allegation is that he had never claimed it before that date, but as there is no allegation in the complaint sufficient to show that Howes held one-fourth interest under a contract or agreement with Ames to do so, no express trust is alleged; but there is sufficient in the complaint to show that if Howes held said interest in trust at all, it was under an implied trust, and an implied trust comes within the statute of limitations.

Section 4036, Revised Statutes, provides that actions for the recovery of real estate cannot be maintained unless it appears that the plaintiff, his ancestors, etc., was seised or possessed of the land in question within five years before the commencement of the action.

We gather from the complaint that Howes never owned the one-fourth interest in controversy; that the mining company conveyed it to him by mistake. That being true, Howes held that interest under an implied trust, and as implied trusts come within the operation of the statute of limitation, the complaint on its face shows that the action is barred by the provisions of section 4036, Revised Statutes, and for that reason the court did not err in striking the complaint and entering a judgment dismissing the action.

While this was on motion, it raised the same questions as raised by the demurrer. It is contended that Ames and Howes were tenants in common of said mining claims and that the law presumes the possession of all cotenants, and before the possession of one can become adverse there must be an actual ouster, and before a tenant in common can rely on an ouster of his cotenants, he must claim the entire title to the land in himself and must hold an exclusive and adverse possession. We find no fault with the proposition of law there stated, but in the case at bar, there was a decree of a court of general jurisdiction, in a case where Ames was one of the plaintiffs, in which a decree was entered requiring the mining company to reconvey to Ames and Howes the title to said mining claims, and on the twelfth day of June, 1900, the mining company did reconvey said mining claims, a one-fourth interest to Ames and a three-fourths interest to Howes, and said deeds were filed for record in the proper county. The filing or registration of that deed was notice to Ames that Howes had the title thereto so far as the mining company was concerned, and it is well settled that "the possession of one tenant asserting an exclusive right to the land under a deed conveying the land to him by specific description is adverse to cotenants having notice of the deed. The registration of a deed under which a tenant in common claims exclusive right to the land

is notice thereof to his cotenants." (*Puckett v. McDaniel,* 8 Tex. Civ. App. 630, 28 S. W. 360, and cases cited; *Winterburn v. Chambers,* 91 Cal. 171, 27 Pac. 658.)   The deed to Howes was recorded on June 20, 1900, and this action was commenced on May 7, 1906, nearly six years after the date of the conveyance to Howes.   Under the provisions of section 4036, Revised Statutes, such actions as the one at bar must be commenced within five years from the time that the right accrues.

It is alleged in the complaint that on September 4, 1899, Ames and Howes, "by virtue and right of discovery and location, were joint and equal owners" of said mining claims, and on that date Ames conveyed a one-fourth and Howes conveyed a three-fourths interest therein to said mining company; that thereafter under a judgment and decree the mining company reconveyed to Ames and Howes by separate deeds just the share or interest in said mining claims that each had theretofore conveyed to it.   If Howes only held one-half interest in said claims under the location notices thereof or deed, the fact that he conveyed a greater interest than he owned did not devest Ames of any interest that he owned therein, and a reconveyance by the mining company to Howes of just the interest that Howes had conveyed to it would not devest Ames of any part of the interest he owned in said claims.   I must admit that I do not understand in what manner the transaction between Howes and the mining company devested Ames of any interest he owned in said claims.   If A sells and conveys real estate to C that belongs to B, the legal title to which is in B, and C thereafter reconveys the same to A, B is not thereby devested of his title to said land, and if the legal title to one-half of said mining claims was in Ames, the fact that Howes attempted to convey the same to said mining company, and thereafter said mining company reconveyed it to Howes, that transaction could in no manner affect Ames' title to said one-half interest thereto.

Judgment affirmed, with costs in favor of respondent.

Ailshie, C. J., concurs.