(February 20, 1909.)

# JOHN B. COE et al., Appellants, v. THEODORE A. SLOAN et al., Respondents.

[100 Pac. 354.]

Community Property—Descent of—Heirs—Title to Real Estate—Color of Title—Statute of Limitations—Operation of—Ouster—Adverse Possession.

1. Where C. dies intestate, owning community property, and leaves a widow and two minor sons, if such intestate leaves no debts, under the law of 1875 (8th Ter. Sess. Laws, p. 636), an undivided one-half interest descends to the widow, and the other one-half interest to the minor children.

2. Such widow could not legally convey the entire title to such property, but a deed from her purporting to convey the entire title would give the grantee color of title under which he might obtain title by adverse possession.

3. *Held*, under the facts of this case that the respondents acquired title to the town lots involved in this action by adverse possession.

4. *Held*, that the right of plaintiff to any part or interest in said lots is barred by the statute of limitations.

5. *Held*, that the stipulated facts are not sufficient to establish constructive fraud.

6. Where there is no fraud shown, neither the ignorance of a person of his rights to bring an action nor the mere silence of a person liable to the action prevents the running of the statute of limitations.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

Action to recover an interest in certain town lots in Boise City. Judgment for defendants. *Affirmed.*

Hawley, Puckett & Hawley, for Appellants.

The facts as agreed upon show that the defendants and their grantors and predecessors in interest were guilty of fraud, which is termed and designated in equity "constructive

fraud.'' In all such cases of purchase with notice courts of equity will hold the purchaser a trustee for the benefit of the person whose rights he has thus sought to defraud or defeat. (*Seymour v. Seymour*, 51 N. Y. Supp. 130, 28 App. Div. 495, 1 Story's Eq. Jur. 395.)

It is the duty of purchasers to examine the records; they are therefore conclusively affected with notice of all the record which is legally made, and which it is their duty to examine. (1 Perry on Trusts, 5th ed., p. 323; *Smith v. Burgess*, 133 Mass. 511; *Maul v. Rider*, 59 Pa. 167.) There is no definite or specific time fixed by equity within which a constructive trust will be barred by laches. It must depend upon the circumstances of each particular case. (1 Perry on Trusts, 5th ed., p. 338; *Provost v. Gratz*, 6 Wheat. 481, 5 L. ed. 311; *Morse v. Hill*, 136 Mass. 60.) If the fraud is unknown to the injured party, or is concealed or he is under disability, or out of the country, or the delay is caused by the defendant, no lapse of time will be laches which bar relief. (1 Perry on Trusts, 5th ed., p. 340; *Ferris v. Henderson*, 12 Pa. 49, 51 Am. Dec. 580; *Henry Co. v. Winnebago etc. Drain Co.*, 52 Ill. 299.) Trusts arising from fraud, actual or constructive, are constructive trusts. (*Brison v. Brison*, 75 Cal. 527, 7 Am. St. 189, 17 Pac. 689.) Notwithstanding the honesty of the intention, if the result deprived the plaintiff and his intestate of the property, it amounts to constructive fraud, and the statute of limitations cannot be interposed, for the reason that this suit was commenced within three years after the discovery of the facts constituting the fraud. (*Lampman v. Lampman*, 118 Ia. 140, 91 N. W. 1042; *Ward v. Armstrong*, 84 Ill. 151; *Ames v. Howes*, 13 Ida. 756, 93 Pac. 35.)

Chas. F. Koelsch, for Respondents.

''A trust cannot exist in relation of a void title to land.'' (*Mandeville v. Solomon*, 33 Cal. 38.) The widow's deed, though purporting to convey the whole title, had the effect only of conveying her undivided one-half interest and to give color of title to the grantee to the whole of said property.

(1 Ency. of Law, 852.)    Even an express trust is repudiated by adverse possession, and the statute runs from the time of such repudiation.    (*Nasholds v. McDonell,* 6 Ida. 377, 55 Pac. 894.)

"Fraud which will prevent possession of property from being foundation of prescription must be positive or actual fraud and not constructive or legal fraud."    (*Salter v. Salter,* 80 Ga. 178, 12 Am. St. 249, 4 S. E. 391; 19 Ency. of Law, 248.)    "Neither the ignorance of a person of his right to bring an action nor the mere silence of a person liable to the action prevents the running of the statute of limitations." (*State v. Walters,* 31 Ind. App. 77, 99 Am. St. 244, 66 N. E. 182; *Ames v. Howes,* 13 Ida. 756, 93 Pac. 35.)

The recording of a deed, in relation to which fraud is claimed, is such discovery thereof and affords such means for its discovery that the statute will begin to run from the time of such recording.    (*Rogers v. Richards,* 67 Kan. 706, 74 Pac. 255; *Fuller v. McMahon* (Iowa), 94 N. W. 205; *McDonald v. Bayard Sav. Bank,* 123 Ia. 413, 98 N. W. 1025; *Irwin v. Holbrook,* 32 Wash. 349, 73 Pac. 360; 19 Ency. of Law, 242.)

Respondents have acquired title by ouster of their cotenants and adverse possession.    (*Greenhill v. Biggs,* 85 Ky. 155, 7 Am. St. 579, 2 S. W. 774; *Oglesby v. Hollister,* 76 Cal. 136, 9 Am. St. 177, 18 Pac. 146; *Unger v. Mooney,* 63 Cal. 586, 49 Am. Rep. 100; *Winterburn v. Chambers,* 91 Cal. 170, 27 Pac. 658; *Alvarado v. Nordholdt,* 95 Cal. 116, 30 Pac. 211; *Bath v. Valdez,* 70 Cal. 350, 11 Pac. 724; *Feliz v. Feliz,* 105 Cal. 1, 38 Pac. 521; *Price v. Hall,* 140 Ind. 314, 49 Am. St. 196, 39 N. E. 941; *King v. Carmichael,* 136 Ind. 20, 43 Am. St. 303, 35 N. E. 509.)    "The undisturbed possession raises the presumption of notice and constitutes a complete bar when the period has elapsed."    (*Frick v. Sinon,* 75 Cal. 337, 7 Am. St. 177, 17 Pac. 439; *Rutter v. Small,* 68 Md. 133, 6 Am. St. 434, 11 Atl. 698.)

Independently of the statute of limitations, it was laches if the plaintiff delayed the bringing of his action for more than five years after attaining the age of majority, since all the conveyances were matters of record and constructively

within his knowledge. Under such circumstances courts of equity will apply the bar irrespective of the statute. (*Ryan v. Woodin*, 9 Ida. 525, 75 Pac. 261; *Dominiguez v. Dominiguez*, 7 Cal. 424.)

SULLIVAN, C. J.—John B. Coe brought this action on his own behalf and as administrator of the estate of George H. Coe, Jr., and they are appellants here. The action was brought against Theodore A. Sloan, F. L. Williams and M. Ethlene Rounds, as defendants.

This action was commenced on August 24, 1907, to recover an undivided one-half interest in lots 10, 11 and 12 in block 39 of the original townsite of Boise City, Ada county. The following, among other facts, are stipulated by the respective parties as the facts of the case:

That on and after and for some time prior to December 17, 1875, George H. Coe and N. T. Coe were husband and wife, and were the owners of and in the possession of said three town lots, together with lots 7, 8 and 9 of the same block; that title to said lots stood on the records of said county in the name of George H. Coe, but that said lots were acquired during the continuance of the marriage and were community property; that on said 17th day of December, said George B. Coe died intestate, leaving surviving him, his widow, N. T. Coe, and two sons, John B. Coe, one of the plaintiffs herein, and George H. Coe, Jr., the deceased brother of the plaintiff herein, who also died intestate; that the plaintiff was, at the date of the death of his father, five years of age, and the said George H. Coe, Jr., was at that time six years of age; that said George H. Coe, Jr., died on or about August 19, 1906, and that this plaintiff was by the superior court of Butte county, state of California, duly appointed administrator of the estate of his said deceased brother, and ever since has been and now is the duly appointed, qualified and acting administrator of said estate; that after the death of said George H. Coe, his widow, N. T. Coe, remained in the possession of said lots until June 27, 1876; that during said time the said lots were unimproved, uninclosed, wild land, covered only

with sagebrush and other weeds and vegetation; that on or about June 27, 1876, for and in consideration of the payment by one Jeannette J. Isaacs of the sum of $225, which was then a full and fair market value of said lots, to the said surviving widow, said widow executed and delivered to said Isaacs, by bargain and sale, deed purporting to convey to said Isaacs the title in fee simple to said lots, from 7 to 12, inclusive, which deed was on July 6, 1876, duly acknowledged by the said N. T. Coe and on October 21, 1876, was placed on record in the recorder's office of said county; that said sale and conveyance was not made under and in pursuance of any order of the probate court of said county, or of any other court, and was not made for the purpose of satisfying any community debts of said deceased and his said wife; that said community owed no debts at the time of the death of said George H. Coe and no administration was ever had on his said estate; that under and in pursuance of said deed, the said Isaacs, in 1876, took possession of said premises under claim of ownership of the fee title to said premises, basing her claim upon said deed, and remained in the continuous possession of the said lots 10, 11 and 12 under such claim of title until June 21, 1893, and in the continuous possession of said lots 7, 8 and 9 until October 19, 1876, on which latter date she sold and by warranty deed conveyed to one James H. Bush said lots 7, 8 and 9; that during the time said Isaacs was in possession of said lots, she inclosed the same with a good substantial fence, cleared all sagebrush and weeds therefrom, erected a dwelling-house and other buildings on said lot 9, and planted trees on all the rest of said lots and converted the same into an orchard, and that during the time she was in possession thereof, she paid all taxes levied on said lots by the state of Idaho, by Ada county, by Boise City and by Independent School District No. 1; that on June 21, 1893, said Isaacs died intestate, and thereafter an administrator of her estate was appointed by the probate court of said county, in which court such proceedings were had thereafter that on August 20, 1894, said court made and entered its decree of distribution of said estate, distributing and decreeing, among other

property, the said lots 10, 11 and 12 to one William E. Child, a certified copy of which decree was thereafter on August 28, 1894, filed in the office of the recorder of said county, recorded in book 27 of Deeds, at page 442, of the records of said county; that thereupon on said last-mentioned date, and under and in pursuance of said decree, said Child entered into and upon said lots 10, 11 and 12 and every part thereof, under claim of ownership of the title in fee to said premises, basing his claim upon said above-mentioned decree, and remained in the continuous possession of said lots 10, 11 and 12 under such claim of title, until he sold the same as hereinafter mentioned; that during all the time that said Child was in possession of said lots, he kept the same inclosed by a good substantial fence, cultivated the orchard thereon, paid all the expenses in so doing, and appropriated all the profits therefrom and used the said premises for a residence for himself, and during all of said time paid all taxes, levied or assessed against said property; that on April 1, 1902, said Child made, executed and delivered his warranty deed, granting and conveying said lots 10 and 11 to one John W. Eagleson, and on the same day executed and delivered his warranty deed, granting and conveying to one Kate L. Williams the said lot 12, both of which deeds were thereafter on April 1, 1902, filed and recorded in the office of the county recorder of said county; that thereafter, on November 16, 1904, the said Eagleson by warranty deed conveyed lot 10 to F. L. Williams, and on July 19, 1905, said Eagleson by warranty deed conveyed said lot 11 to the defendant Theodore A. Sloan, and on November 3, 1902, said Kate L. Williams conveyed said lot 12 to the defendant, M. Ethlene Rounds, each of which deeds was placed and is on record in the office of the recorder of said county, and ever since said dates these defendants have severally been in the actual possession of said lots, respectively; that defendants and those under whom they claim entered into the possession of said property under a claim of title exclusive of other rights, founding their claim upon said deeds, and that defendants and their predecessors have continuously been in the actual possession of said

property under claim of title since July 6, 1876, and during said time have paid all taxes assessed against said lots, either by the state, county, city and school district, and that neither said Child nor defendants nor defendants' grantors had any knowledge, except such knowledge as the law imputes, of any claim on the part of plaintiffs in and to said property or any part thereof, or to any interest therein prior to about March 10, 1906, and did not, prior to said date, know that said plaintiffs were heirs at law of said George H. Coe, deceased, and that said George H. Coe, deceased, had left any heirs at law, and that plaintiffs or either of them did not prior to said 10th day of March, 1906, make any claim to said property or to any interest therein; that during the time these defendants have been in the possession of said lots, respectively, they have built and made the following improvements thereon: the said Rounds, in the year 1903, erected a two-story frame dwelling-house, together with other auxiliary buildings on said lot 12, and built and constructed sidewalks and curbstones in front of and on the side of said lot, planted trees and made parking between such sidewalk and curbstone, and built and made and kept a lawn surrounding the said dwelling-house, and occupied said dwelling-house and appurtenances for herself and family; that the said Sloan and the said Williams, in the years 1904 and 1905, made similar improvements on lots 10 and 11, and have ever since occupied said lots, respectively, as residences for themselves and their families; that said widow and said George H. Coe, Jr., and John B. Coe were the only heirs at law and descendants of said George H. Coe, deceased; that plaintiffs had no knowledge of the existence of said community estate or of their interest therein until on or about March 10, 1906; that on or about said date, these defendants requested John B. Coe to sign a quitclaim deed releasing and remising all claim on his part to said lots 10, 11 and 12 to the defendants herein, which request plaintiff refused.

The cause was submitted to the court upon the stipulated facts and the deeds and exhibits attached thereto. In the court's finding of facts, it substantially found the facts as

stipulated, and also found that the defendants and their predecessors in interest, including Mrs. Isaacs, entered into possession of said premises under claim of title, exclusive of other persons' rights, founding their claims upon said respective written instruments, including said decree of the probate court of Ada county; that ever since the entry of Mrs. Isaacs on said lots on July 6, 1876, they have been in the actual, open, notorious, peaceable, quiet, continuous and exclusive possession, under claim of title, of the whole and every part of said property, and that during all of said time they had paid all of the taxes, state, county and municipal, both general and special, which had during said time been levied and assessed upon any portion of said lots; that neither of the plaintiffs, their ancestors, predecessors, nor grantors, or either or any of them, was or were seised or possessed of said property or any part thereof, or any interest therein, at any time since July 6, 1876, nor within five years before the commencement of this action.

Among other conclusions of law, the court made the following: "That any right, title or interest which plaintiffs, or either of them, may have had in or to the said lots, or any part thereof, either as heirs at law of said George H. Coe, Sr., deceased, or otherwise, is barred, lost and forfeited under the provisions of secs. 4036, 4037, 4040, 4041 and 4042, Rev. Codes of Idaho, and defendants are the owners, in fee simple, of said lots and of the whole thereof," and entered judgment and decree to the effect that plaintiffs take nothing by this action, and that the defendants have and recover from the plaintiffs their costs and disbursements. From that judgment this appeal is taken.

It is contended by counsel for appellant that the facts in this case establish a trust and that the defendants held the title to the lots in question as trustees, that the facts show constructive fraud, and that the court erred in finding as a conclusion of law from the facts that the conveyance from Mrs. N. T. Coe to Jeannette J. Isaacs did not create any trusteeship of said lots, and did not constitute said Isaacs or any of her

successors a trustee or trustees of the legal title of said property.

It is clear from the stipulated facts and the findings of the court that the Widow Coe went into possession of said property as tenant in common with the plaintiff and his now deceased brother, George H. Coe, Jr., and although the deed from herself to Mrs. Isaacs purported on its face to convey the entire title to said lots to the latter, it did, in fact, convey to Mrs. Isaacs the legal title to only an undivided one-half interest in said lots. At the date of the death of Mrs. Coe's husband, the title stood in his name, and under the law, as the law was at that time (8th Terr. Sess. Laws, p. 636), an undivided one-half interest in said property descended to her and the other one-half interest to his two sons, the appellants here. Therefore she had title to only an undivided one-half interest thereto. She could not and did not convey the other one-half interest to Mrs. Isaacs. Her deed, however, of the other one-half undivided interest gave color of title to the grantee to the whole of said property. (1 Am. & Eng. Ency. of Law, 2d ed., 852.) Mrs. Isaacs could not become trustee of the undivided one-half interest which descended to· the appellants, for she could not hold the land in trust, the title to which she did not have or hold. Under the facts stipulated, the only way that Mrs. Isaacs could have acquired a legal title to the one-half interest which belonged to the appellants was by adverse possession, or through probate court proceedings. An express trust, as well as an implied one, is repudiated by adverse possession and the statute of limitations begins to run from the time of such repudiation. (*Nasholds v. McDonell,* 6 Ida. 377, 55 Pac. 894.) The stipulated facts show that Mrs. Isaacs and her successors entered upon said property under claim of title to the whole thereof, basing such claim upon the respective deeds in writing and holding such property peaceably, openly, continuously and adversely to all the world, and paid all taxes thereon during the time they were in possession thereof. All of the elements of adverse possession are shown by the stipulated facts.

That being true, all rights that appellant and his intestate may have had in said property would be barred by the statute of limitations, unless there was something that suspended the running of the statute, and there is nothing in the stipulated facts that shows that the running of the statute of limitations was suspended after said two sons arrived at their majority. But if it be conceded, for the sake of argument, that the statute of limitations did not begin to run until the appellant and his brother arrived at the age of twenty-one years, the statute began to run at that date. We ascertain from the stipulated facts that the older one would have arrived at the age of twenty-one in fourteen years after Mrs. Isaacs took possession of said lots under the deed from Mrs. Coe, and the younger one would have arrived at the age of twenty-one years in fifteen years from that date. Under this theory of the case, the statute of limitations began to run at the coming of age of those two sons. The older one became of age in 1890, and the younger one in 1891. Mrs. Isaacs and her grantees, including the respondents in this case, were in the open, notorious and adverse possession of said lots, claiming title thereto, paying all taxes legally assessed against said property, and had put valuable improvements upon the same. They so continued in possession of said lots up to the date of the commencement of this action, to wit, August 24, 1907. Thus they remained in adverse possession for a period of sixteen or seventeen years, claiming said lots, after the appellants had arrived at their majority.

While it is stipulated that the appellants did not know of their interest in those lots until about a year before this suit was brought, that makes no difference, for they had the means of acquiring that knowledge, as the deed conveying the title to said lots to their father was of record during all that time in the office of the county recorder of Ada county, where said lots were situated. The means of acquiring this knowledge was. open to them, and, under the facts of this case, that places them in the same position as though they had such knowledge. When one by his own carelessness or

negligence fails to acquire knowledge that is within his reach, and such information is upon the proper records which impart constructive notice, the person cannot protect himself behind the plea that he did not know facts of which the law imputes knowledge to him and thus suspend the running of the statute. It was held in *State v. Walters,* 31 Ind. App. 77, 99 Am. St. 244, 66 N. E. 182, that neither the ignorance of a person of his right to bring an action, nor the mere silence of a person liable to the action, prevents the running of the statute of limitations. (*Alabama etc. Ry. Co. v. Jones,* 73 Miss. 110, 55 Am. St. 488, 19 So. 105; see, also, *Ames v. Howes,* 13 Ida. 756, 93 Pac. 35.)

No constructive fraud appears from the stipulated facts, and no trust of any kind is shown.

The judgment of the lower court is affirmed, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.