[No. 845. Decided June 20, 1893.]

HERBERT ADAMS AND DANIEL FAIRFIELD, *Appellants*,
v. ALFRED L. BLACK, *Respondent*.

COMMUNITY REALTY — DEED OF HUSBAND — WHAT TITLE PASSES.

Where husband and wife are living together, a deed executed by
the husband alone will pass no interest in community real estate,
although the husband may have represented himself as a single
man, and have so recited in the deed.

*Appeal from Superior Court, Jefferson County.*

*Carroll & Rohde*, for appellants.
*Black & Leaming*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action to quiet title to the
land in controversy. The testimony shows the common
source of title to be the deed from Christopher and Minnie
A. Semon to George Semon, dated December 26, 1887.
On the 4th day of February, 1888, said George Semon,
representing himself to be a single man, which representa-
tion was also made in the deed, executed and delivered to
Thomas J. Corrigan a warranty deed of said property. It
is stipulated, however, that at the time of the execution of
the deed to Corrigan the said George Semon was in reality
a married man, living with his wife. The stipulation in
that respect is as follows:

"That on or about September 15, 1886, said George
Semon and Ella Semon were united in marriage, and from
and after said date have been husband and wife, and at all
times have resided together as such, and now are so exist-
ing together."

On February 6, 1888, Corrigan conveyed the land in
controversy by warranty deed to appellants, and on March

10, 1890, George Semon and Ella Semon, his wife, conveyed the same land by general warranty deed to the respondent. Respondent answered denying appellant's title, and alleged affirmatively that the deed from Semon to Corrigan and the deed from Corrigan to appellants constituted a cloud upon his title, and prayed that he be adjudged the owner. On the hearing of the cause the court adjudged the deed from Semon to Corrigan to be a nullity, and that the deed from Corrigan to appellants conveyed no interest in the land sought to be conveyed, and adjudged that the respondent Black was seized of the title and possession of the premises described.

The appellant's contention in this case, it seems to us, is based upon a misconception of what this court decided in *Sadler v. Niesz*, 5 Wash. 182 (31 Pac. Rep. 630). It was not there decided that the legal title to community real estate does not repose in the community, but in that spouse who is named in the title deed as grantee, and that the wife's interest is only an equitable interest, without notice or knowledge of which a purchaser from the husband holding the legal title would acquire the entire estate, legal and equitable as well. That seems to have been the view expressed by the writer of the opinion, but it was not concurred in by a majority of the court, and has never been enunciated as the opinion of this court. The judgment in that case was affirmed by two members of this court expressly on the ground of estoppel, and by one member on the ground that the statute in relation to the disposal of community property does not apply, so far as the public having no knowledge of the legal relation of husband and wife are concerned, where the community relation is concealed, or where there has been no such assertion of their rights by either of the spouses as would ordinarily and reasonably be expected from the fact of the existence of such relation.

In this case it appears from the stipulation that the ordinary assertion was made. The parties were residents of this state, and they were living together continuously as husband and wife, and the slightest inquiry on the part of Corrigan would have elicited this fact and furnished him with information of the community relations of the parties. Mrs. Semon certainly did all that the law at that time required of her to give notice of her relations with the community, viz., she lived with her husband as his wife; and if, under such circumstances, there being no assertion that she knew of the attempted transfer by her husband and no claim of any act or omission by her on which a plea of estoppel could be founded, the community real estate can be transferred without her consent, the statute in relation to the sale of community real estate might as well be pronounced a nullity.

Without particularly reviewing the case of *Sadler v. Niesz*, a glance at the opinions filed in that case will conclusively show that it is not a parallel case with the one at bar in any particular.

The judgment is affirmed.

SCOTT and HOYT, JJ., concur.

ANDERS and STILES, JJ., concur in the result.