(December 30, 1922.)

## ABRAM MUIR and ELLA L. MUIR, Respondents, v. THE CITY OF POCATELLO, a Municipal Corporation, Appellant.

[212 Pac. 345.]

PLEADING AND PRACTICE—MARRIED WOMAN—RIGHT TO MAINTAIN ACTION FOR PERSONAL INJURIES—HUSBAND PROPER PARTY—MAY BE BROUGHT IN BY AMENDMENT—EFFECT OF SAME—NOT NEW OR DIFFERENT ACTION—STATUTE OF LIMITATIONS—WHEN IT CEASES TO RUN — CONTRIBUTORY NEGLIGENCE—WHEN QUESTION OF LAW.

1. A married woman has such an interest in a cause of action for personal injuries to herself that she may commence and prosecute to final judgment an action for recovery on account of negligence causing the same, unless objection is made on the ground of a defect of parties.

2. When objection is made, the husband may be made a party to such action by amending the complaint, and the bringing in of the husband in this manner after the expiration of the statutory period of limitation does not constitute a new or different cause of action, and may thereafter be maintained by the wife and husband jointly.

3. Contributory negligence is a matter of defense, and the burden of proving the same rests upon the defendant.

4. One who has been injured by reason of a defective sidewalk that has been permitted to remain in such condition for a considerable period of time will not be precluded from a recovery for such injury because she had knowledge of such defect at a period prior to the accident, she not being required to assume that such defect continued to exist, providing she was exercising reasonable diligence at the time of the injury to avoid an accident.

5. A person injured by reason of an accident alleged to have been caused by a defect in the sidewalk or other public thorough-

Publisher's Note.

2. Relation of new pleadings to statute of limitations, see notes in 3 L. R. A., N. S., 259; 33 L. R. A., N. S., 196; 47 L. R. A., N. S., 932.

Commencement of action before bar of statute of limitations as inuring in favor of intervenor, see notes in 15 Ann. Cas. 664; Ann. Cas. 1916B, 316.

fare of a city will not be precluded from having the question of its liability for having negligently permitted such defect to exist and that being the proximate cause of such injury submitted to a jury, unless upon consideration of all the facts and circumstances as they appeared at the time, a reasonably prudent person would not have acted as did the injured party. Only when it appears upon the undisputed facts that a reasonably prudent person would have acted differently does the question of contributory negligence become a question of law that should be taken from the jury.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action to recover damages for personal injuries. From judgment for plaintiff, defendant appeals. *Affirmed.*

J. M. Stevens, D. D. Mote and Ross W, Bates, for Appellant.

Abram Muir was the necessary party to the action brought by his wife on account of personal injuries suffered by her. (*Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588; *Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545; *Paine v. San Bernardino Valley Traction Co.*, 143 Cal. 654, 77 Pac. 659; *Paganini v. Polostrini*, 26 Cal. App. 342, 146 Pac. 1046; *Johnson v. Hendrick*, 45 Cal. App. 317, 187 Pac. 782; *Lamb v. Harbaugh*, 10 Cal. 680, 39 Pac. 56.)

In a suit on account of personal injuries sustained by the wife the husband must be joined where the judgment, if recovered, would be community property. (*Lindsay v. Oregon S. L. R. Co.*, 13 Ida. 477, 90 Pac. 984, 12 L. R. A., N. S., 184; *McKune v. Santa Clara Valley Mill & Lumber Co.*, 110 Cal. 480, 42 Pac. 980; *McFadden v. Santa Ana etc. Ry. Co.*, 87 Cal. 464, 25 Pac. 681, 11 L. R. A. 252; *Schneider v. Biberger*, 76 Wash. 504, 136 Pac. 701; *Moody v. Southern Pac. Co.*, 167 Cal. 786, 141 Pac. 388.)

The husband has the control, management and disposition of the community property. (*Labonte v. Davidson, supra; Paganini v. Polostrini, supra; Ostheller v. Spokane, E. I. E. R. Co.*, 107 Wash. 678, 182 Pac. 630; *Hammond v. Jackson*, 89 Wash. 510, 154 Pac. 1106.)

A wife living with her husband at the time of the injury cannot bring an action for personal injuries sustained by her· in her own name without joining her husband as a party. (*Tell v. Gibson,* 66 Cal. 247, 5 Pac. 223; *Mackey v. Northern Mill Co.,* 210 Ill. 115, 71 N. E. 448; *Missouri, K. & T. Ry. Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189, 3 L. R. A., N. S., 259; *Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693; *In re Louisell Lumber Co.,* 209 Fed. 784, 126 C. C. A. 508; 1 Ency. of Pleading & Practice, 473; *McAndrews v. Chicago, L. S. & E. Ry. Co.,* 222 Ill. 232, 78 N. E. 603; *Chicago City R. Co. v. Leach,* 182 Ill. 359, 55 N. E. 334; *Bahr v. National Safe Deposit Co.,* 234 Ill. 101, 84 N. E. 717; *Keppler v. Becker* (Ariz.), 80 Pac. 334.)

McDougall & Jones, for Respondents.

In an action brought by a married woman in her own name for injuries to herself, an amendment to the complaint by adding her husband as a party plaintiff relates back to the time of the filing of the original complaint and does not change the issue nor state a new or different cause of action. (*Idaho Trust & Savings Bank v. N. & M. Irr. Co.,* 29 Ida. 659, 161 Pac. 872; *Missouri K. & T. Ry. Co. v. Wulf,* 226 U. S. 570, Ann. Cas. 1914B, 134, 33 Sup. Ct. 135, 57 L. ed. 355; *Wilson v. Denver & R. G. Ry. Co.,* 68 Colo. 105, 187 Pac. 1027; *Cowan v. Atchison T. & S. F. Ry. Co.,* 66 Okl. 273, 168 Pac. 1015; *Harlan v. Loomis,* 92 Kan. 398, 140 Pac. 845; *Slayer v. Consolidation Coal Co.,* 246 Fed. 794; *Bixler v. Pennsylvania Ry. Co.,* 201 Fed. 553; *Nashville C. & St. L. Ry. Co. v. Anderson,* 134 Tenn. 666, 185 S. W. 677; *Cincinnati, N. O. & T. P. Ry. Co. v. Bonham,* 130 Tenn. 435, 171 S. W. 79; *American R. R. Co. v. Birch,* 224 U. S. 547, 32 Sup. Ct. 603, 56 L. ed. 879; *Weaver v. Iselin,* 161 Pa. St. 386, 29 Atl. 49; *Pennsylvania Co. v. Sloan,* 125 Ill. 72, 8 Am. St. 337, 17 N. E. 37; *Sublett v. Hodges,* 88 Ala. 491, 7 So. 296; *Bray v. Creekmore,* 109 N. C. 49, 13 S. E. 723; *Orchard v. Wright & Co.* (Mo.), 197 S. W. 42; *Reynolds v. Lloyd Cotton Mills,* 177 N. C. 412, 99 S. E. 240.)

Contributory negligence is a question for the jury where the material facts bearing on the same are conflicting or where on undisputed facts fair-minded men may reach different conclusions. (*Fleenor v. Oregon S. L. R. R. Co.*, 16 Ida. 781, 102 Pac. 897; *Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545; *Calkins v. Blackwell Lumber Co.*, 23 Ida. 128, 129 Pac. 435; *Tucker v. Palmberg*, 28 Ida. 693, 155 Pac. 981; *Wheeler v. Oregon R. R. Co.*, 16 Ida. 375, 102 Pac. 347; *Ryan v. City of Chicago*, 187 Ill. App. 163, 13 N. C. C. A. 534; *Robinson v. City of Oconto*, 154 Wis. 64, 142 N. W. 125; *City of Natchez v. Lewis*, 90 Miss. 310, 43 So. 471.)

LEE, J.—This action was instituted by respondent Ella L. Muir on February 5, 1918, to recover from appellant, City of Pocatello, a municipal corporation, damages on account of an alleged injury to her person, suffered on January 18, 1917. The complaint alleged that the municipality was in the exclusive control of the streets, sidewalks and avenues within its limits, and that the injury occurred upon a public thoroughfare within said city, at a point known as No. 500 East Center Street. The negligence alleged to have caused the injury was in the city permitting a depression of about seven inches and approximately five feet long in said sidewalk to become rough, uneven and sloping, that it carelessly allowed the same to exist for a great length of time, that the same was in a dangerous condition because of the city having allowed snow to fill up and freeze over said defect in the walk, and that while she was in the exercise of due care and without fault or negligence, respondent walked over and upon said sidewalk, and because of its defective condition and the accumulation of snow thereon, fell, by reason of which she was seriously and permanently injured, and as a result thereof was confined to her house and was unable to walk, and would be permanently injured because of said accident.

Appellant answered her complaint, admitting its corporate existence and control of its highways, but denied knowledge

of the defective condition of the sidewalk, and in effect denied all other material allegations in the complaint.

The cause came on for trial January 21, 1920, more than three years after the date of the accident. During this trial, the evidence disclosed that respondent was then, and had been at the time of the accident, a married woman, living with her husband, Abram Muir. Appellant city thereupon asked leave to amend its answer, which it did by setting up Mrs. Muir's coverture, which amendment respondent moved to strike. The motion was denied, and she then asked permission to amend her complaint by adding the name of Abram Muir as a party plaintiff, to which appellant objected on the ground that such amendment substituted a new cause of action against which the statute of limitations had run as against Abram Muir. Respondent asked leave to further amend by alleging that respondent, Abram Muir, for a consideration, had transferred and assigned to Ella L. Muir all of his right and interest in and to the cause of action against appellant, the same to be her sole and separate property and for her sole and separate use. The court allowed respondent to amend in both particulars, discharged the jury and continued the further hearing of the cause.

Before the second hearing, which was had a year later, respondents filed a new complaint, setting up the same cause of action pleaded in the original complaint, with the addition of the foregoing amendments, to which appellant demurred on five distinct grounds: (1) that the complaint failed to state facts sufficient to constitute a cause of action; (2) that it shows upon its face that it is barred by subd. 4 of C. S., sec. 6612; (3) that it attempted to create a cause of action where none existed, because of the nonjoinder of respondent Abram Muir in the original complaint and the consequent running of the statute of limitations; (4) that it did not state a cause of action on behalf of respondent Ella L. Muir; (5) that respondent Abram Muir had failed to commence his action until the statute of limitations had run against him. Appellant also moved to strike the complaint for reasons similar to those set up by the demurrer.

All of these pleas being overruled, appellant set up by way of answer the married relation of respondents, and alleged that Abram Muir was a necessary party to the original complaint. At the second trial, appellant interposed objections to the introduction of any testimony, for reasons similar to those stated in its assignments, which were overruled. The trial proceeded, and at the conclusion of the taking of respondents' evidence, the objections were renewed and again overruled. The jury returned a verdict in favor of respondent in the sum of $8,000, from which verdict and the judgment entered thereon this appeal is taken.

Appellant assigns numerous errors, predicated upon the court having permitted the complaint to be amended by bringing in the husband, Abram Muir, as a party plaintiff, more than three years after the happening of the injury complained of, and after the lapse of the statutory period for the bringing of this class of actions. It also assigns as error the refusal of the court to instruct a verdict for appellant, for the reason that respondent Ella L. Muir's testimony showed that she had been guilty of contributory negligence, which contributed to the injury complained of and without which it would not have happened, and that because of such contributory negligence she cannot recover.

Counsel for both parties to the action have ably and exhaustively presented their views and the authorities which they contend support their respective positions. We have examined the same, but by reason of their great number, particularly those bearing upon the right of respondent to amend her complaint after the lapse of the statutory period and bring in her husband, it will not be practicable within the limits of this opinion to refer to all of them.

The principal ground upon which appellant relies for a reversal of the judgment is that respondent Ella L. Muir was at the time of receiving the injury complained of, and also at the time of commencing this action, without legal capacity to maintain the same against appellant, for the reason that she was a married woman, living with her husband, and that such relation has ever since continued; that the right of

recovery for personal injuries to a married woman is a chose in action, and a recovery therefor is community property, of which, under C. S., sec. 4666: "The husband has the management and control of the community property except the earnings of the wife for her personal services and the rents and profits of her separate estate, . . . . "; that therefore the husband is a necessary party, without which the action cannot proceed to final judgment; and that this being true, it necessarily results that respondent Ella L. Muir was so wanting in capacity that her failure to join her husband in the action within the statutory period in which such actions must be commenced, and her afterward bringing him in as a party plaintiff by amendment, resulted in the statement of a cause of action for the first time after the statute of limitations had run against this cause of action, and necessarily defeats recovery.

That any recovery for personal injuries to a married woman living with her husband is community property has been frequently held by courts having community property laws similar to that of Idaho, and so uniform are the holdings that they need not here be repeated. This court in *Labonte et ux. v. Davidson,* 31 Ida. 644, 175 Pac. 588, so held in that respect following the earlier cases of *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545, and *Lindsay v. O. S. L. Ry. Co.,* 13 Ida. 477, 90 Pac. 984, 12 L. R. A., N. S., 184.

In the Labonte case, the majority opinion further holds that the husband is the only necessary party plaintiff in a case of this kind, and may in his own name, without joining the wife, sue to recover damages for her injuries. However, this is in the nature of a *dictum,* and, as pointed out by the dissenting opinion, is not in harmony with the earlier cases, for in *Giffen v. Lewiston, supra,* at page 245, it is said: "Under our statutes the time and earnings of both husband and wife are community property, not owned exclusively by the husband, but the common property of both. In case at bar, both husband and wife are necessary parties. The judgment should run to both. The damages, after recovery

thereof, become the common property of both, but should the marital relation terminate, either by death or otherwise, the wife would be entitled to recover for such injuries, and any damage so recovered by her after the termination of the marital relation would belong to her exclusively.''

In *Lindsay v. O. S. L. Ry. Co., supra,* it is held that: ''Under the provisions of R. S., sec. 4093, the husband must be joined with the wife when she has a cause of action for personal injuries. . . . . ''

A law which attempts to extend to a married woman all the rights and privileges of persons *sui juris,* where she is seeking to enforce her rights against other persons, and does not give to such persons correlative rights against her, but places her under the disabilities of the common law when being sued, often leads to incongruities and inability to administer exact justice under such system, because no class of citizens can properly be given the rights and privileges of fully emancipated citizens without being required to assume the corresponding duties and obligations of such citizenship.

Undeniably C. S., sec. 4666, gives the husband the management and control of the community property, and C. S., sec. 4660, makes a recovery for injuries to the person or character of a married woman community property. Therefore it would seem to follow that the husband is not only a proper, but a necessary, party to bring this action.

The question in this form has not before been presented to this court, but in jurisdictions having similar statutes, the weight of authority and perhaps the better reason sustain the view that a married woman has such an interest in a cause of action for injuries to her person or character that she should be permitted to maintain actions of this kind, although her husband is a proper or even necessary party, in order to render the judgment *res adjudicata* against both members of the marital community. It may be questioned whether one of this class of citizens, now fully emancipated under the federal constitution as citizens of the United States, can be deprived of this right solely because of her being a married woman, without denying rights and immuni-

ties granted by fundamental law, when other citizens have such rights, particularly in view of C. S., sec. 6637, which provides that: "A woman may while married sue and be sued in the same manner as if she were single, etc."

However this may be, the trend of modern legislation and also of judicial decisions is toward recognizing the right of a married woman to sue alone for personal injuries to herself. California, by the amendment of 1913, now permits her to maintain this action without joining her husband, but prior to this, by a long line of decisions, it was always held under statutes similar to our own that she was a necessary party. The Idaho legislature, L. 1915, page 187, added to C. S., sec. 4666, following the clause which gives the husband the management and control of the community property, these words: "Except the earnings of the wife for her personal services, and the rents and profits of her separate estate." If a married woman has a right to maintain an action to recover for her personal services, she certainly should not be denied the right to maintain an action for an injury to her person or character. In *Chicago, B. & Q. Ry. Co. v. Dunn,* 52 Ill. 260, 4 Am. Rep. 606, in a jurisdiction where most of the common-law disabilities of married women then prevailed, Breese, C. J., said: "A right to sue for an injury is a right of action—it is a thing in action and is property. (Kent Com. 432.) Who is the natural owner of the right? Not the husband, because the injury did not accrue to him; it was wholly personal to the wife; it was her body that was bruised; it was she who suffered the agonizing mental and physical pain."

If a married woman has such an interest in an action for injuries to her person or character that she may maintain an action therefor, even though her husband is a proper party, it would follow that her commencing such an action within the limitation period will toll or suspend the running of the statute so that the bringing in of the husband as a party after the lapse of this period would not be the substitution of a new or different cause of action, nor would the right of either party in so doing be barred by the statute.

C. S., sec. 6726, provides that: "The court may in further-
ance of justice and upon such terms as may be proper allow
a party to amend any pleading or proceeding by adding or
striking out the name of any party or by correcting a mis-
take in the name of any party, or a mistake in any other
respect."

In *Idaho Trust & Savings Bank v. Nampa & Meridian Irr.
Dist.*, 29 Ida. 658, 161 Pac. 872, it is held that where addi-
tional parties are brought in after the statute of limitations
otherwise would have run as to them except for the action
having been previously begun, the cause of action was not
barred as to the new parties, and such cause of action after
the amendment would relate back to the commencement of
the original action.

To the same effect is *Clark v. Oregon S. L. Ry. Co.*, 38
Mont. 177, 99 Pac. 298, where the complaint wholly failed to
state a cause of action, and upon appeal was reversed and
remanded for this reason. Yet the court held: "As a gen-
eral rule, an amendment properly allowed relates back to the
original pleading, so far as the statute of limitations is
concerned."

In *Missouri, K. & T. Ry. Co. v. Wulf*, 226 U. S. 570, Ann.
Cas. 1914B, 134, 33 Sup. Ct. 135, 57 L. ed. 355, a wife sued
in her individual capacity for damages for the death of her
husband, who was in the employ of the defendant, where the
action should have been brought by her, under the Employ-
ers' Liability Act, as personal representative of the deceased.
Yet the court held that after the period of limitation had
run, she might be granted leave to substitute herself as ad-
ministratrix, and the plea of a bar of the statute was over-
ruled, that court saying that it was not equivalent to the
commencement of a new cause, the change being in form
rather than in substance, it not having introduced a new or
different cause of action, or set up any new or different state
of facts.

*McDonald v. State of Nebraska*, 101 Fed. 171, 41 C. C. A.
278, was a case where the state treasurer, in his capacity as
such, mistakenly sued the receiver of a defunct bank to re-

cover state funds, and after the bar of the statute had run, it was held that the treasurer could not maintain the action and that it should have been commenced in the name of the state, and the pleading was amended accordingly.

In *Wilson v. Denver & R. G. Ry. Co.*, 68 Colo. 105, 187 Pac. 1027, the action was commenced by a widow to recover damages for the alleged negligent killing of her husband. Judgment having been recovered, the same was set aside on the ground that plaintiff had sued in her personal capacity and not as the personal representative of the deceased. She asked and was granted leave to amend, and the court said that the death of plaintiff's husband through the negligence of defendant constituted the cause of action, and the facts alleged in the amended complaint being identical with the facts set out in the original complaint, that it was not a new or different cause of action.

The following authorities sustain the same rule: *Slayer v. Con. Coal Co.*, 246 Fed. 794; *Bixler v. Pennsylvania Ry. Co.*, 201 Fed. 553; *McDonald v. State of Nebraska, supra; Weaver v. Iselin*, 161 Pa. St. 386, 29 Atl. 49; *Mostenbocker v. Shawnee Gas & Elec. Co.*, 49 Okl. 304, 152 Pac. 82, L. R. A. 1916B, 910; *Cowan v. Atchison, T. & S. F. Ry. Co.* (Okl.), 168 Pac. 1015, L. R. A. 1918B, 1141; *Service et al. v. Farmington State Bank*, 62 Kan. 857, 62 Pac. 670; *Howard v. Stahl* (Tex. Civ.), 211 S. W. 826.

At the close of respondent's evidence, appellant also rested, and the case was submitted to the jury. Appellant assigns as error that there can be no recovery for the reason that the respondent Mrs. Muir shows by her own testimony that she was guilty of contributory negligence. In *Carscallen v. Coeur d'Alene etc. Co.*, 15 Ida. 444, 16 Ann. Cas. 544, 98 Pac. 622, it is said that contributory negligence is a matter of defense in this state, and that the burden of proving contributory negligence rests upon the defendant. (*Adams v. Bunker Hill etc. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Pilmer v. Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.) As no attempt was made on the part of appellant to prove contributory

negligence, it rests this assignment principally upon the testimony of Mrs. Muir wherein she stated that she might have known something about the bad condition of this walk some months before, but that the recollection of its former unsafe condition did not occur to her at the time she received the injury. We do not think that it was incumbent upon this respondent, in order to be free from contributory negligence, to assume that this sidewalk was permitted to remain in this unsafe condition during the interval between the time she observed its defective condition and the time of the injury, several months later. It is said in *Giffen v. City of Lewiston, supra:* "Where a person knew, prior to an injury received, of a dangerous condition in a street, such knowledge would not preclude him from a recovery for an injury received by accident caused by such dangerous condition, provided he used reasonable diligence to avoid injury; but should injury result from his carelessness, he should not recover."

It is a well-settled rule in this state that a person injured by an accident of this character will not be precluded from recovery on the ground of contributory negligence unless it was such that upon a consideration of all of the facts and circumstances as they appeared at the time, a reasonably prudent person would not have acted as did the injured party; and only when it appears upon the undisputed facts that a reasonably prudent person would have acted differently, does it become a question of law. (*Wheeler v. Oregon W. R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.)

We find no reversible error in the record, and the cause is affirmed, with costs to respondents.

McCarthy and Dunn, JJ., concur.

RICE, C. J., Concurring.—I concur in the result. The holding in the case of *Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588, to the effect that the husband may in his own name alone sue to recover damages for personal injuries suffered by his wife is not *dictum;* unless a husband has such

power the decision in that case was wrong, for, otherwise, two causes of action were improperly united.

It does not follow that the husband is the only person who can maintain an action for damages for his wife's injuries. The case may be roughly likened to that of a trustee of an express trust. Such a trustee may sue in his own name to protect the trust estate. Without doubt in case of his failure or neglect the *cestui que trust,* if competent, could sue for the protection of his interest in the estate.

C. S., sec. 6637, which is quoted in the principal opinion, grants to a married woman the unqualified and unlimited right to sue. In the cases of *Kohney v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1007, and *Ewald v. Hufton,* 31 Ida. 373, 173 Pac. 247, it was held that the wife's interest in the community property is a vested interest of the same nature and extent as that of her husband. There can be no doubt that in case of the failure of the husband to bring necessary actions for the protection of the community property, the wife who has been empowered by statute to sue in her own name can maintain any proper action for the protection of her interest in the community property.